UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-2239-KK-DTBx | Date: | January 10, 2025 |
| Title: | *Victor Gonzalez v. FCA US LLC, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 13]

## I.
## INTRODUCTION

On September 11, 2024, plaintiff Victor Gonzalez ("Plaintiff") filed a Complaint against defendant FCA US LLC ("Defendant") in Riverside County Superior Court, asserting violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and breach of implied warranty of merchantability.  ECF Docket No. ("Dkt.") 1-1 at 6-15.  On October 21, 2024, the action was removed to this Court.  Dkt. 1.

On December 1, 2024, Plaintiff filed the instant Motion to Remand ("Motion").  Dkt. 13.  The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## II.
## BACKGROUND

On September 11, 2024, Plaintiff filed the operative Complaint against Defendant in state court.  Dkt. 1-1 at 6-15.  Plaintiff alleges, "Plaintiff entered into a warranty contract with Defendant FCA regarding a 2018 Dodge Challenger" ("Subject Vehicle").  Id. at 7.  Plaintiff's claims arise from Defendant's warranty obligations, specifically, Defendant's failure to uphold its "affirmative duty to promptly offer to repurchase or replace the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts."  Id. at 8.  Based upon these allegations, Plaintiff

asserts claims for (1) violation of California Civil Code Section 1793.2(d); (2) violation of California Civil Code Section 1793.2(b); (3) violation of California Civil Code Section 1793.2(a)(3); and (4) breach of implied warranty of merchantability in violation of the Song-Beverly Act.  Id. at 11-14.

On September 20, 2024, Defendant was served with a copy of the summons and Complaint.  Dkt. 1-1 at 2.

On October 18, 2024, Defendant filed an Answer in Riverside County Superior Court.  Dkt 1-1 at 59-64.  On October 21, 2024, Defendant filed a Notice of Removal.  Dkt. 1.  Defendant asserts the Court has jurisdiction pursuant to 28 U.S.C. § 1332, stating Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.  Dkt. 1 at 2.

On December 2, 2024, Plaintiff filed the instant Motion arguing Defendant failed to meet its burden of removal to establish the amount in controversy exceeds $75,000.  Dkt. 13-1 at 10-23.

On December 12, 2024, Defendant filed an Opposition to the Motion.  Dkt. 14.

On December 18, 2024, Plaintiff filed a Reply in support of the Motion.  Dkt. 15.

This matter, thus, stands submitted.

## III.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").  Complete diversity requires "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1).  As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]"  Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014).  "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted).  In contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings."  Id. (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted).  Only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof.  Leite, 749 F.3d at 1122.  Under a facial attack, the defendant is not

required to present evidence in support of removal jurisdiction. Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019).

The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law. Brady v. Mercedes-Benz USA, Inc. 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing Davenport v. Mut. Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963)). The Song-Beverly Act does not provide for punitive damages but "[c]ourts have held that the civil penalty under [Song-Beverly] is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." Id. (citations omitted). Therefore, a court can include the Song-Beverly Act's civil penalty damages in the amount in controversy calculation. Id.

## IV.
## DEFENDANT SUFFICIENTLY PLEADS REMOVAL JURISDICTION

As an initial matter, the parties do not dispute complete diversity exists between Plaintiff, a citizen of California, and Defendant, a citizen of Delaware. See dkts. 13-1, 14, 15.

Instead, Plaintiff makes a facial attack on the amount in controversy, arguing Defendant's allegations are insufficient. Dkt. 13-1. Contrary to Plaintiff's assertions, the Court finds Defendant's jurisdictional allegations satisfy its burden of pleading the amount in controversy exceeding $75,000. In its Notice of Removal, Defendant asserts, based on Plaintiff's Complaint, the amount in controversy is met because "Plaintiff seeks a refund of the purchase price, or replacement vehicle, cover damages, incidental and consequential damages, and reasonable attorney's fees and costs." Dkt. 1 at 4. Further, Defendant notes Plaintiff claims he is "entitled to a civil penalty in the amount of two times Plaintiff's actual damages." Id. Therefore, Defendant alleges, at minimum, an amount in controversy of $113,909.55 based on $37,969.85 in restitution for the total amount paid for the Subject Vehicle and $75,939.70 in civil penalties.[1] Dkt. 1 at 5.

Thus, accepting Defendant's allegations of the amount in controversy, which are based on the Complaint, the Court finds Defendant has adequately pled the amount in controversy. See Brady, 243 F. Supp. 2d at 1007-1010. Accordingly, Defendant has met its burden for removal jurisdiction at this stage.

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendant has met its burden to establish minimal diversity, and the amount in controversy exceeds $75,000, demonstrating removal is proper. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED**.

---

[1] Given that Defendant meets the amount in controversy threshold using restitution and civil penalties estimates, the Court declines to address the inclusion of additional costs and attorneys' fees.