UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2239-KK-DTB** | Date: | July 11, 2025 |
|---|---|---|---|

Title:   *Victor Gonzalez v. FCA US LLC et al.*

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| NOE PONCE | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:     Order DISMISSING the Instant Action WITH PREJUDICE [Dkt. 35]**

**I.
INTRODUCTION**

On June 23, 2025, plaintiff Victor Gonzalez ("Plaintiff") filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a), voluntarily dismissing the matter and requesting the matter be dismissed without prejudice. ECF Docket No. ("Dkt.") 35. On June 24, 2025, the Court construed the Notice as a Motion for Voluntarily Dismissal ("Motion") and conditionally granted the Motion, but provided defendant FCA US LLC ("Defendant") ten days to file any objections. Dkt. 36. On June 30, 2025, Defendant filed an Objection arguing "Plaintiff's attempt to voluntarily dismiss the case [without prejudice] at the eleventh hour, after Defendant has filed a fully briefed Motion for Summary Judgment, would result in undue prejudice to Defendant and frustrate the purpose of Rule 41(a)(2)." Dkt. 37 at 2. Defendant, thus, requested dismissal with prejudice. Id

For the reasons set forth below, the instant action is **DISMISSED WITH PREJUDICE**.

**II.
BACKGROUND**

On September 11, 2024, Plaintiff filed the operative Complaint against Defendant in Riverside County Superior Court, alleging claims for (1) violation of California Civil Code Section 1793.2(d); (2) violation of California Civil Code Section 1793.2(b); (3) violation of California Civil Code Section 1793.2(a)(3); and (4) breach of implied warranty of merchantability in violation of the Song-Beverly Act. Dkt. 1-1 at 6-15.

Plaintiff alleges he "entered into a warranty contract with Defendant FCA regarding a 2018 Dodge Challenger" ("Subject Vehicle") and Defendant failed to uphold its "affirmative duty to promptly offer to repurchase or replace the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts." Id. at 8.

On September 20, 2024, Defendant was served with a copy of the summons and Complaint. Dkt. 1-1 at 2.

On October 18, 2024, Defendant filed an Answer in Riverside County Superior Court. Dkt 1-1 at 59-64. On October 21, 2024, Defendant filed a Notice of Removal removing the action to this Court based on diversity jurisdiction. Dkt. 1.

On December 2, 2024, Plaintiff filed a motion to remand. Dkt. 13. On January 10, 2025, the Court denied Plaintiff's motion to remand. Dkt. 20.

On May 29, 2025, Defendant filed a motion for summary judgment. Dkt. 29. As outlined in the motion for summary judgment and the attached declaration of defense counsel, it appeared Plaintiff abandoned this action. Dkts. 29-2, 29-3. Notably, Plaintiff failed to file an opposition to the motion for summary judgment. Additionally, Plaintiff failed to comply with his discovery obligations, including failing to appear for his deposition. Dkt. 29 at 5. In light of this, on June 13, 2025, the Court issued an Order to Show Cause ("OSC") "as to why this action should not be dismissed for failure to prosecute." Dkt. 30 at 1.

On June 20, 2025, Plaintiff filed a Response to the OSC. Dkt. 33. Plaintiff appears to concede his abandonment of the case. Specifically, Plaintiff's counsel states she "made numerous attempts to contact Plaintiff to arrange for his deposition but received no response." Id. at 3. Further, Plaintiff's counsel states, "[s]ince entry of the OSC, Plaintiff's counsel has again made attempts to contact Plaintiff via email and phone calls, to which Plaintiff's counsel finally succeeded in making contact with Plaintiff on the afternoon of June 20, 2025." Id. "Ultimately, Plaintiff has agreed to voluntarily dismiss this case without prejudice." Id.

On June 23, 2025, Plaintiff filed a Notice of Voluntary Dismissal of the entire action without prejudice under Federal Rule of Civil Procedure 41(a). Dkt. 35. The Court conditionally granted the request, but gave Defendant ten days to file an objection to the Court's Order. Dkt. 36.

On June 30, 2025, Defendant filed its objection to dismissal without prejudice, arguing a "dismissal with prejudice is necessary to protect [Defendant's] interests given the litigation efforts already undertaken." Dkt. 37 at 2-3.

### III.
### DISMISSAL WITH PREJUDICE IS WARRANTED

#### A.    APPLICABLE LAW

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissal once a defendant has filed an answer. Under Rule 41(a)(2), "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. See id.

Whether to allow dismissal with or without prejudice is discretionary with the court.  <u>See</u>
<u>Hargis v. Foster</u>, 312 F.3d 404, 412 (9th Cir. 2002) (holding Rule 41 vests the district court
with broad discretion, which "does not contain a preference for one kind of dismissal or another").
"The following factors are relevant in determining whether the dismissal should be with or without
prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay
and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient
explanation of the need to take a dismissal."  <u>Burnette v. Godshall</u>, 828 F. Supp. 1439, 1443-
44 (N.D. Cal. 1993) (citing <u>Paulucci v. City of Duluth</u>, 826 F.2d 780, 783 (8th Cir. 1987)).

**B.      ANALYSIS**

Here, dismissal with prejudice is warranted.  First, Defendant has expended considerable
effort and expenses defending this action, including opposing Plaintiff's motion to remand, retaining
an expert witness, and preparing and filing a motion for summary judgment that addresses the
merits of Plaintiff's claims.  Dkt. 37 at 2.  Second, Plaintiff appears to have abandoned his claims as
indicated by failure to appear for his deposition, failure to oppose Defendant's motion for summary
judgment, and continued lack of responsiveness to his counsel.  <u>See</u> dkts. 29, 33.  Third, Plaintiff has
failed to provide a sufficient, let alone any, explanation as to why this action should be dismissed
without prejudice as opposed to with prejudice.   Therefore, the Court finds this action should be
dismissed with prejudice.

**IV.**
**<u>CONCLUSION</u>**

Accordingly, for the reasons set forth above, this action is **DISMISSED WITH
PREJUDICE**.  (JS-6)

**IT IS SO ORDERED**.